UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANDREW D. UJDAK | ) | |
| | ) | CAUSE NO. 3:06-CV-215 RM |
| vs. | ) | (Arising from 3:02-CR- 0090(01) RM) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

Andrew Ujdak pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344, and was sentenced in April 2003 to 51 months' imprisonment and ordered to pay $4.6 million in restitution. He files his petition for a writ of habeas corpus under 28 U.S.C. § 2255, and for the reasons that follow, the court denies his petition.

Mr. Ujdak's guilty plea was pursuant to a plea agreement. In exchange for his guilty plea, the "United States Attorney's Office for the Northern District of Indiana" promised to "seek and support immunity" for Mr. Ujdak "in other federal and state jurisdictions" for "activities that have been disclosed during [his] Rule 11 proffers after the date of [the] agreement." The government also agreed to recommend a sentence (which it did) at the low end of the applicable guideline range. Mr. Ujdak agreed to cooperate with government authorities (which he did) in the investigations of criminal fraud in the Northern District of Indiana. As a result of the information Mr. Ujdak provided, the government filed a motion for a three-level downward departure, which the court granted. Mr. Ujdak waived his

right to appeal or contest his sentence on any ground, specifically including his right to file a habeas petition pursuant to § 2255.

A month after Mr. Ujdak was sentenced in this court, an information was filed against him in the Western District of Michigan charging him with money laundering. He pleaded guilty to that charge pursuant to a plea agreement and was sentenced 90 months' imprisonment, with his sentence to run currently with the sentence imposed by this court.

A plea agreement that contains a waiver of the right to file a petition under §2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon a breach of the agreement. United States v. Whitlow, 287 F.3d 638, 640 (7th Cir. 2002); United States v. Rourke, 74 F.3d 802, 805 (7th Cir. 1996) ("Plea agreements are contracts, and their content and meaning are determined according to ordinary contract principles.")(quoting United States v. Ingram, 979 F.2d 1179, 1184 (7th Cir. 1992)). Mr. Ujdak says the government breached the plea agreement by failing to seek and support his immunity from further prosecution in the Western District of Michigan.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled," Santobello v. New York, 404 U.S. 257, 262 (1971), and "[w]here a plea agreement has not been honored by the Government, the fashioning of an appropriate remedy is largely a matter of the exercise of the sound discretion of the court according to the circumstances of

2

each case." United States v. Bowler,  585 F.2d 851, 856 (7th Cir. 1998). "[R]elief may include allowing the defendant to withdraw his or her guilty plea, [ ] directing specific performance of the plea agreement, [ ] or ordering the imposition of a specific sentence if neither of the above options would provide an appropriate remedy." United States v. O'Brien, 853 F.2d 522, 525-526 (7th Cir. 1988) (collecting cases). Mr. Ujdak "possesses no desire to vacate his guilty plea or set aside his entire plea agreement." He seeks specific performance of the government's promise to seek and support his immunity from prosecution in other districts, specifically the Western District of Michigan.

The government first argues that Mr. Ujdak's petition is untimely, and the court agrees. The one-year limitations period for a habeas petitions pursuant to § 2255 begins to run from the latest of four dates, only one of which is relevant here: "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. The inquiry isn't whether the defendant actually realizes he has a cognizable claim, but whether, through diligent inquiry, he could have discovered facts giving rise to the claim. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("[F]ederal statutes use objective indicators as triggers," so "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). Still, courts evaluating the timeliness of a § 2255 motion must consider "individual circumstances," which for imprisoned individuals include "the conditions of confinement and the reality

3

of the prison system." <u>Montenegro v. United States</u>, 248 F.3d 585, 592 (7th Cir. 2001).

To calculate when the limitations period began, the court must determine when a person in Mr. Ujdak's position could have discovered, through due diligence, that the government wasn't supporting his immunity. Mr. Ujdak submits a time-line of his meetings with government officials throughout his prosecution in the Western District of Michigan. He says he met with an FBI agent on April 29, 2003 sbout a possible plea agreement — he was formally charged with money laundering in May and pleaded guilty in June. He then met with the prosecuting United States Attorney, Joan Meyer, as well as FBI and IRS agents in November. He was sentenced on November 19, 2004. During this seven-month time period, Mr. Ujdak was on notice that additional charges were being brought against him for money laundering, and a person in this position reasonably could have become aware, through diligent inquiry, that the government may not have upheld its end of the bargain.

Mr. Ujdak contends the nature of his confinement between January and August 2005 was such that he was deprived of the legal resources to file a § 2255 petition. He says it was upon his "return to the Federal Prison Camp whereby he began a process of performing due diligence," and only when his November 2005 and January 2006 letters to the United States Attorney's office went unanswered did he have "usable facts" and a "paper trail" that substantiated an earlier

4

admissions by Ms. Meyer "that she has not been the recipient of any efforts to provide or secure immunity from prosecution for [Mr. Ujdak] in her District."

Again, the inquiry for determining the limitations period isn't whether the petitioner actually performed any due diligence, discovered facts supporting his claim, or even recognized the legal significance of those facts, but whether he could have have discover facts predicating his claim. *See* Escamilla v. Jungwirth, 426 F.3d 868, 870-871 (7th Cir. 2005). There is no allegation (nor does the record support such a finding) that his confinement through November 2003 prevented him from performing a diligent inquiry into a potential habeas claim. Indeed, Mr. Ujdak's numerous meetings with government officials during this period put him in a reasonable position to inquire into the government's performance under the plea agreement. The one-year statute of limitations began to run, at the latest, on November 17, 2003 when Mr. Ujdak was sentenced in the Western District of Michigan, so his 2006 habeas petition is untimely.

Even if Mr. Ujdak's petition was timely, and assuming *arguendo* that the government breached the plea agreement by not supporting his immunity, this court still cannot provide the relief he seeks. Mr. Ujdak seeks specific performance, but he has already been charged, adjudged guilty, and sentenced in the Western District of Michigan, so specific performance in this case requires the government to do the impossible and would ultimately afford him no practical relief. While the choice of remedy lies within the court's discretion, Mr. Ujdak doesn't want to vacate the plea agreement, and because he has earned certain

5

benefits under that agreement, the court declines to set aside his plea. The only other possible remedy would be to alter his sentence, but Mr. Ujdak doesn't challenge the sentence he received in this court, only the sentence imposed in the Western District of Michigan, and this court doesn't authority to grant him relief from that sentence. <u>Phillips v. Seiter</u>, 173 F.3d 609, 610 (7th Cir. 1999)("[F]ederal prisoner who wants to mount a collateral attack on the judgment pursuant to which he is imprisoned must do so by motion under 28 U.S.C. § 2255 (the federal prisoner's habeas corpus substitute) in the district in which the judgment was rendered.").

For these reasons, the court DENIES Mr. Ujdak's petition filed pursuant to 28 U.S.C. § 2255 [Docket No. 1 in Cause No. 3:06-CV-215RM]. Mr. Ujdak also requests that he be permitted to proceed *in forma pauperis,* and the court appoint him counsel without cost. Because there is no filing fee for his habeas petition, his request for pauper status is DENIED AS MOOT [Doc. No. 29 in Cause No. 3:02-CR-00090(01)RM]. As a civil litigant under § 2255, Mr. Ujdak doesn't enjoy a Constitutional right to appointed counsel, and because his filings demonstrate that his petition is untimely and doesn't seek relief this court can grant, there is nothing an attorney could add that would improve his chances of success, so his request for counsel is also DENIED [Doc. No. 29 in Cause No. 3:02-CR-00090(01)RM].

SO ORDERED.

Entered:   April 13, 2007

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court


cc:   D. Hollar
      D. Schimd
      A. Ujdak