UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW D. UJDAK ) | |
| ) | CAUSE NO. 3:06-CV-215 RM |
| vs. ) | (Arising from 3:02-CR-00090(01) RM) |
| ) | |
| UNITED STATES OF AMERICA ) | |

OPINION AND ORDER

On April 13, 2007, the court entered an order denying Mr. Ujdak's petition for a writ of habeas corpus under 28 U.S.C. § 2255. On April 30, he filed a motion to reconsider. "The time of a motion's service controls whether a motion challenging a judgment is a 60(b) or a 59(e) motion. Such a motion, if served within ten days of a final judgment, is a 59(e) motion." Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166 (7th Cir. 1995). Mr. Ujdak certifies that he placed his motion in the prison mail system on April 25, so under the mailbox rule of Houston v. Lack, 487 U.S. 266, 276 (1988), it is deemed filed on April 25. *See* Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001) (applying the "mailbox rule" to motions for reconsideration). The court considers his motion under FED. R. CIV. P. 59(e).

A court has the ability under Rule 59(e) to consider newly discovered material evidence or intervening changes in the controlling law, or to correct its own manifest errors of law or fact to avoid unnecessary appeals. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard,

misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). Motions to reconsider are not vehicles for rehashing old arguments that have already been rejected, id., nor should they be used to raise new arguments that could have been previously raised. Caisse Nationale De Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). Mr. Ujdak doesn't point to any newly discovered evidence or intervening changes in the law.

He says the court's finding that his motion was untimely was clear error because (1) he should be granted an exception due to out-of-date legal resources at the Terre Haute Federal Prison Camp, and (2) the court misapplied the statute of limitations for § 2255 petitions. His claim that his late filing is due to a lack of legal resources is a new argument, and so has been waived. The court also disagrees with his claim that it misapplied the limitations period—the record contains sufficient evidence to support the conclusion that Mr. Ujdak could have become aware, through due diligence, of facts giving rise to his claim. His petition is untimely.

Mr. Ujdak also says the court committed error by failing to consider the threat of future prosecutions and other specific performance options when determining that it couldn't grant the relief Mr. Ujdak sought. Mr. Udjak's argument regarding the possibility future prosecutions has been raised for the first time in his motion for reconsideration, so it is waived. He says the court could have ordered the government to come forth with evidence of its compliance with

2

the plea agreement, but the court disagrees. A "district court need not grant an evidentiary hearing in all § 2255 cases. Such a hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001) (quoting 28 U.S.C. § 2255); *see also* Schriro v. Landrigan, No. 05-1575 (U.S., May 14, 2007). The record before the court indicates that Mr. Ujdak's petition was untimely, and that he sought relief the court doesn't have the authority to grant. Because he hasn't allege facts entitling him relief, the government isn't under an obligation to come forth with proof of compliance with the plea agreement.

For these reasons, his motion to reconsider [Doc. No. 4, 3:06-CV-215RM] is DENIED.

SO ORDERED.

Entered:   May 14, 2007

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court