UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANDREW D. UJDAK | ) | |
| | ) | CAUSE NO. 3:06-CV-215 RM |
| vs. | ) | (Arising from 3:02-CR- 00090(01) RM) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

Andrew Ujdak pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344; he was sentenced in April 2003 to 51 months' imprisonment and ordered to pay $4.6 million in restitution. On April 13, 2007, the court denied Mr. Ujdak's petition for a writ of habeas corpus under 28 U.S.C. § 2255, and denied his motion to reconsider the denial of his habeas petition on May 14.

Mr. Ujdak filed a notice of appeal as to the decisions denying his habeas petition and motion to reconsider, so the court "must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). Mr. Ujdak hasn't filed a separate motion, so the court treats his notice of appeal as a request for a certificate of appealability. See West v. Schneiter, 485 F.3d 393, 394-395 (7th Cir. 2007). Issuance of a certificate of appealability requires the court to find that Mr. Ujdak has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Although a certificate of appealability "does not require a showing that the appeal will succeed[,]" it does require 'something more than the absence of frivolity or the existence of mere good faith" on behalf of the petitioner. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(quoting

Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). That means Mr. Ujdak must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. at 893). "But a petitioner who relies on his notice of appeal is hard put to meet the statutory standard . . . ." since "[a] notice of appeal does not give reasons, and a silent document rarely constitutes a 'substantial showing' of anything." West v. Schneiter, 485 F.3d at 395.

Mr. Ujdak argued in his petition that the government breached the plea agreement by failing to seek and support his immunity from further prosecution in the Western District of Michigan, but his petition was denied without reaching the merits of this claim because it was untimely, and because he sought relief this court couldn't provide. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 484. In creating this two-step inquiry, the Supreme Court also noted that each step is "part of a threshold inquiry," which must be satisfied before the court of appeals hears the appeal. Id.

First, the court must look at the Mr. Ujdak's habeas petition to determine whether he has "facially allege[d] the 'denial of a constitutional right.'" Jefferson v. Welborn, 222 F.3d 286, 289 (7th Cir. 2000). Mr. Ujdak's claim the United States Attorney's Office materially breached the plea agreement by failing to seek immunity states a facially valid constitutional claim. *See* United States v. Eliason, 3 F.3d 1149, 1152-1153 (7th Cir. 1993). Second, this court must examine its procedural ruling.

The one-year limitations period for a habeas petitions pursuant to § 2255 begins to run from the latest of four dates, only one this court found to be relevant here: "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. The court concluded that Mr. Ujdak could have discovered, through due diligence, that the government wasn't supporting his immunity during the 7-month period he was prosecuted in the Western District of Michigan, so the statute of limitations began to run at the latest in November 2003 when he was sentenced in that court.[1] Mr. Ujdak met several times with prosecutors in negotiating a plea agreement in the Western District of Michigan, so he was in a position whereby he could have through diligent inquiry discovered facts giving rise to his claim.

---

[1] The court inadvertently stated in the fact section of the order denying Mr. Ujdak's petition that his sentencing in the Western District of Michigan took place in November 2004. The court correctly stated several paragraphs later—when determining the statute of limitations period—that he was sentenced in November 2003, and a review of the docket for Mr. Ujdak's case in the Western District of Michigan confirms this. *See* United States v. Ujdak, No. 03-136 (W.D. Mich. filed May 19, 2003). In any event, Mr. Ujdak's petition is untimely under either sentencing date.

3

There is no substantial argument that Mr. Ujdak's petition is timely, so the court cannot issue a certificate of appealibility. *See* <u>Davis v. Borgen</u>, 349 F.3d 1027, 1029 (7th Cir. 2003) ("If success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal.").

SO ORDERED.

Entered:   July 2, 2007

          /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court